UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LETICIA SERRANO, a Married Woman,<br><br>         Plaintiff,<br><br>    v.<br><br>WORLD SAVINGS BANK, FSB WACHOVIA, FINANCIAL TITLE COMPANY, NDEX WEST, LLC; DOES 1 through 10, inclusive,<br><br>         Defendants. | Case No.: 11-CV-00105-LHK<br><br>ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND |

Defendant Wachovia Mortgage ("Wachovia"), a division of Wells Fargo Bank, N.A., formerly known as World Savings Bank, FSC, moves to dismiss the Complaint of Plaintiff Leticia Serrano. Plaintiff has not opposed the motion. Pursuant to Civil Local Rule 7-1(b), the Court deems Defendant's motion suitable for determination without oral argument. Having considered the submissions of the parties and the relevant legal authority, the Court GRANTS Wachovia's motion to dismiss with leave to amend. If Plaintiff wishes to pursue this action, she must file an amended complaint within 21 days of this Order.

//

//

//

1

Case No.: 11-CV-00105-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

## I. Background

On October 25, 2005, Plaintiff Leticia Serrano entered into a loan with Defendant World Savings Bank, FSB, secured by real property located at 3607 Eastridge Drive, San Jose, California 95148.[1]  Compl. ¶¶ 3-4.  Nearly five years later, on August 30, 2010, Defendant NDEx West had a Notice of Default recorded in the office of the Santa Clara County Recorder.  Compl. ¶ 5.  On December 31, 2010, a Notice of Trustee's Sale was recorded in the office of the Santa Clara County Recorder.  Compl. ¶ 6.  Plaintiff alleges that the Notice of Default and Notice of Trustee's Sale were improperly declared or that the foreclosure proceedings were otherwise invalid.  Compl. ¶ 7.  Accordingly, on December 9, 2010, she filed a Complaint to Enjoin Foreclosure and For Declaratory Relief and an Accounting in the Santa Clara County Superior Court against Defendants World Savings Bank, FSB, Wachovia, Financial Title Company, and NDEx West, LLC.  On January 10, 2011, Wachovia removed the action to federal court on the basis of diversity jurisdiction.[2]  The Court now considers Wachovia's unopposed motion to dismiss Plaintiff's Complaint.

## II. Legal Standard

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  In considering whether the complaint is sufficient to state a claim, the court must accept as true all of the factual allegations contained in the complaint.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  However, the court need not accept as true "allegations that contradict matters properly subject to judicial

---

[1] Plaintiff's Complaint states that she executed a promissory note on October 25, 2010.  Compl. ¶ 3.  The Court assumes this is an error, as the Complaint also states that she executed a Deed of Trust on October 25, 2005, and that a notice of default was recorded on August 30, 2010.  Compl. ¶¶ 4-5.

[2] Defendant Financial Title Company is a defunct California corporation.  Notice of Removal at 3.  Because Plaintiff is a citizen of California, the presence of Financial Title Company would ordinarily destroy diversity.  However, where a plaintiff fails to state a cause of action against a non-diverse defendant, "and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent and removal is proper."  *Gardner v. UICI*, 508 F.3d 559, 561 (9th Cir. 2007) (quotation marks and citation omitted).  In her Complaint, Plaintiff asserts no claims against Financial Title Company and states only that it conveyed the Deed of Trust in October 2005.  Compl. ¶ 4.  Plaintiff has not alleged any claims associated with the conveyance of the Deed of Trust.  Accordingly, the Court agrees that Plaintiff cannot state a claim against Financial Title Company, and removal appears to have been proper.

Case No.: 11-CV-00105-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc.* (*In re Gilead Scis. Sec. Litig.*), 536 F.3d 1049, 1055 (9th Cir. 2008). While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

### III. Request for Judicial Notice

Wachovia has made an unopposed request for judicial notice of a number of documents related to Plaintiff's claims. Req. for Judicial Notice ("RJN") in Supp. of Wachovia's Motion to Dismiss Pl.'s Compl., ECF No. 7. As a general rule, a district court may not consider any material beyond the pleadings in ruling on a 12(b)(6) motion to dismiss for failure to state a claim. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). However, a court may take judicial notice of matters of public record outside the pleadings. *Id.* at 689. In this case, Defendant requests judicial notice of documents recorded in the Office of the Santa Clara County Recorder, as well as documents reflecting official acts of the executive branch of the United States, including: (1) a Deed of Trust recorded on October 25, 2005; (2) an Open End Deed of Trust recorded on May 21, 2007; (3) a Certificate of Corporate Existence dated April 21, 2006, issued by the Office of Thrift Supervision; (4) a letter dated November 19, 2007, on letterhead of the Office of Thrift Supervision authorizing a name change from World Savings Bank, FSB, to Wachovia Mortgage, FSB; (5) the Charter of Wachovia Mortgage, FSB, dated December 31, 2007; (6) official certification of the Comptroller of the Currency stating that Wachovia Mortgage, FSB converted to Wells Fargo Bank, N.A.; (7) Notice of Default recorded on August 30, 2010; (8) Substitution of Trustee recorded on September 23, 2010; and (9) Notice of Trustee's Sale recorded on December 1, 2010.

A district court may take notice of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be

3

1  questioned." Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir.
2  1993). The Court concludes that the government records and public documents submitted by
3  Defendant are not subject to reasonable dispute and are proper subjects of judicial notice. *See*
4  *Lopez v. Wachovia Mortg.*, No. C 10-01645, 2010 WL 2836823, at *2 (N.D.Cal. July 19, 2010)
5  (taking judicial notice of nearly identical documents). Accordingly, the Court GRANTS
6  Wachovia's unopposed request for judicial notice.

### IV. Discussion

In this action, Plaintiff seeks to enjoin foreclosure and obtain declaratory relief and an accounting on three grounds. First, Plaintiff argues that Defendants Wachovia Mortgage and NDEx West have failed to provide proof that they are the owners or holders in due course of the Note.[3] Compl. ¶ 7. Second, Plaintiff claims that Wachovia and NDEx West have failed to provide the original Note. *Id.* Third, Plaintiff claims that Defendants failed to respond satisfactorily to a Qualified Written Request she previously sent. *Id.* The Court agrees with Wachovia that none of these allegations are sufficient to state a claim that would entitle Plaintiff to injunctive relief, declaratory relief, or an accounting.

As to Plaintiff's first claim, Wachovia submits judicially noticeable documents which establish that it is legally entitled to enforce the Deed of Trust and conduct a judicial foreclosure. Plaintiff initially executed a Deed of Trust in October 2005. RJN Ex. A. She subsequently executed an Open End Deed of Trust in May 2007. RJN Ex. B. Both of these deeds of trust name as the original lender and beneficiary "World Savings Bank, FSB, its successors and/or assignees." RJN Ex. A at 1-2; Ex. B at 1. Effective January 1, 2008, World Savings Bank changed its name to Wachovia Mortgage, FSB, and in November 2009, Wachovia Mortgage was merged into and became a division of Wells Fargo Bank, N.A. RJN Exs. Ex. D-F. Accordingly, as successor in interest to the original lender and beneficiary, Wachovia was entitled to enforce the Deeds of Trust.

---

[3] The Complaint actually states that Mortgage Electronic Registration System, Inc. ("MERS") and Wachovia have failed to provide proof that they are holders of the Note. Compl. ¶ 7. However, MERS is not a party to this action and does not appear to have taken any action concerning Plaintiff's mortgage. The Court assumes that Plaintiff means to assert this claim against NDEx West, which became the Trustee on September 15, 2010, and issued the Notice of Trustee Sale on December 1, 2010. RJN Ex. H, Ex. I.

4
Case No.: 11-CV-00105-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

1   Moreover, Plaintiff alleges no facts suggesting that NDEx West lacked authority to issue the

2   Notice of Default or Notice of Trustee's Sale as either the substituted trustee or as an agent for the

3   original trustee or beneficiary.  *See* RJN Ex. G (Notice of Default identifying NDEx West as

4   "Agent for Beneficiary"); RJN Ex. H (substituting NDEx West as Trustee).  Accordingly,

5   Plaintiff's allegations that Wachovia and NDEx West are not holders of the Note and lack authority

6   to foreclose are not sufficient to entitle her to relief.

7        As to Plaintiff's second claim, Wachovia correctly points out that California law does not

8   require production of the original note prior to initiation of nonjudicial foreclosure proceedings.

9   California Civil Code § 2924, which provides a comprehensive framework governing nonjudicial

10  foreclosure sales, *Nguyen v. Calhoun*, 105 Cal. App. 4th 428, 440, 129 Cal. Rptr. 2d 436 (Cal. Ct.

11  App. 2003), does not require provision of the original note prior to a nonjudicial foreclosure sale.

12  *Quintos v. Decision One Mortg. Co., LLC*, No. 08-CV-1757 JM (POR), 2008 WL 5411636, at *3

13  (S.D. Cal. Dec. 29, 2008).  For this reason, courts have found that "there is no requirement that the

14  trustee have possession of the physical note before initiating foreclosure proceedings."  *Gandrup v.*

15  *GMAC Mortg.*, No. 11-CV-0659-LHK, 2011 WL 703753, at *2 (N.D. Cal. Feb. 18, 2011); *see also*

16  *Aguilera v. Hilltop lending Corp.*, No. C 10-0184 JL, 2010 WL 3340566, at *3-4 (N.D. Cal. Aug.

17  25, 2010) (collecting cases).  Accordingly, Plaintiff's claim that she is entitled to relief based on

18  Defendants' failure to provide the original note fails as a matter of law.

19       As to Plaintiff's third claim, the Complaint contains only the conclusory allegation that

20  Defendants failed to "respond satisfactorily to 'Qualified Written Request' I have sent previously."

21  Compl. ¶ 7.  Under the Real Estate Settlement Procedures Act ("RESPA"), a loan servicer has a

22  duty to act when it receives a qualified written request ("QWR") "for information relating to the

23  servicing of the loan."  12 U.S.C. § 2605(e)(1)(A).  Here, however, Plaintiff's allegations do not

24  contain sufficient facts to state a plausible claim for relief or to give Defendants fair notice of the

25  claim against them.  The Complaint does not give any indication of the nature of the Qualified

26  Written Request, nor does it indicate whether Defendants completely failed to respond or provided

27  a response that Plaintiff found inadequate.  Moreover, a RESPA violation may entitle a borrower to

28  actual damages, as well as any additional damages the court may allow "in the case of a pattern or

5

Case No.: 11-CV-00105-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

practice of noncompliance . . . in an amount not to exceed $1,000." 12 U.S.C. § 2605(f)(1). However, RESPA does not provide for injunctive relief or other equitable remedies. *See Rivera v. BAC Home Loans Servicing, L.P.*, 2010 WL 2757041, at *4 (N.D. Cal. July 9, 2010) (concluding that none of the remedies under RESPA would permit an injunction against foreclosure). Here, Plaintiff has made no allegations as to her actual damages, and RESPA does not provide the remedies she seeks. Accordingly, Plaintiff's claim that she is entitled to enjoin foreclosure and obtain other relief based on RESPA violations also fails.

Finally, the Court agrees that Plaintiff's allegations do not entitle her to an accounting or declaratory relief. "A cause of action for an accounting requires a showing that a relationship exists between the plaintiff and defendant that requires an accounting, and that some balance is due the plaintiff that can only be ascertained by an accounting." *Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 179, 92 Cal. Rptr. 3d 696 (Cal. Ct. App. 2009). If the plaintiff alleges the right to recover "a sum certain or a sum that can be made certain by calculation," an action for an accounting is not available. *Id.* Here, Plaintiff has not alleged facts suggesting that the balance owed on her loan cannot be ascertained through ordinary means, such as requesting a written itemization from Wachovia. Nor has she alleged that she is owed a balance by Defendants. Accordingly, Plaintiff does not state a claim entitling her to an accounting. In addition, Plaintiff's claim for declaratory relief is based on the allegation that Defendants lack authority to foreclose on the mortgage. As the Court has found that this claim lacks merit, Plaintiff has not sufficiently alleged an actual controversy that would entitle her to declaratory relief.

## V. Conclusion

The Court has found that Plaintiff's claims, as currently pled, do not state a claim that entitles her to injunctive relief, declaratory relief, an accounting, or other forms of relief. Accordingly, the Court GRANTS Wachovia's motion to dismiss. However, as Plaintiff may be able to amend some of her claims, the Court grants leave to amend. **If Plaintiff wishes to pursue this action, she must file a First Amended Complaint, addressing the deficiencies identified herein, within 21 days of this Order.** Plaintiff may not add new claims or parties without seeking the opposing parties' consent or leave of the Court pursuant to Federal Rule of Civil Procedure 15.

6

Case No.: 11-CV-00105-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

**If Plaintiff fails to file an amended complaint within 21 days of this Order, the action will be dismissed with prejudice.**

**IT IS SO ORDERED.**

Dated: May 3, 2011

_____
LUCY H. KOH
United States District Judge